AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Carlos SILVAGNOLI,<br><br>Defendant. | )<br>)<br>)  Case No.  5:20-MJ- 624   (ATB)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 22, 2020, in the county of Onondaga in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 751(a) | Escape from Custody |

This criminal complaint is based on these facts:
Click here to enter text.

☒  Continued on the attached sheet.

*Complainant's signature*

David Tobian, Deputy U.S. Marshal

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  December 3, 2020

*Judge's signature*

City and State:  Syracuse, New York        Hon. Andrew T. Baxter, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

Deputy U.S. Marshal David Tobian, of the U.S. Marshals Service, being duly sworn, deposes and states:

**INTRODUCTION**

1. I am a Deputy U.S. Marshal for the Northern District of New York. As such, I am an, "investigative or law enforcement officer of the United States," within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

2. I am a Deputy United States Marshal with the United States Marshals Service. I have been employed as a Deputy United States Marshal since August 2011. I have completed the Criminal Investigator Training Program as well as Basic Deputy United States Marshal Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. I have conducted several dozen fugitive investigations and participated in other various criminal investigations in my law enforcement career. I am currently assigned to the enforcement section of the United States Marshals Service, Northern District of New York, in Syracuse, New York. As a Deputy United States Marshal, I am authorized to seek and execute Federal arrest and search warrants for criminal offenses.

3. I respectfully submit this affidavit in support of a criminal complaint charging Carlos Silvagnoli (SILVAGNOLI) with a violation of Title 18, United States Code, Section 751(a), escape from custody.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. The information contained in this affidavit is not an exhaustive account of everything I know about this case.

Rather, it contains only the facts that I believe are necessary to establish probable cause in support of a criminal complaint.

## BASIS FOR A PROBABLE CAUSE FINDING

*Background*

5. On May 7, 2019, SILVAGNOLI waived indictment and plead guilty to an information charging him with a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, conspiracy to distribute and possess with the intent to distribute a controlled substance, which violation involved 100 grams or more of heroin, a Schedule I controlled substance. [Case No. 19-CR-161 (GTS)].

6. On October 24, 2019, the Honorable Glenn T. Suddaby, Chief Judge United States District Court for the Northern District of New York, sentenced SILVAGNOLI to a term of imprisonment of 33 months to be followed by four (4) years of supervised release.

*The Instant Offense*

7. On October 28, 2020, as part of the Bureau of Prisons' re-entry protocol, SILVAGNOLI was transferred from the Horizon House Residential Reentry Center (Horizon House), a halfway home in Albany, New York, to the Syracuse Pavilion Residential Reentry Center (Syracuse Pavilion), a halfway home in Syracuse, NY. SILAVAGNOLI's maximum release date from the Syracuse Pavilion is September 19, 2021. The Syracuse Pavilion is a U.S. Bureau of Prisons facility.

8. On November 22, 2020, at approximately 8:30 p.m., SILVIGNOLI was transported to Upstate University Hospital in Syracuse, NY by Syracuse Pavilion staff to visit his brother, who was a patient there and near death. SILVAGNOLI was specifically ordered by Nathaniel Brown, a member of the Syracuse Pavilion staff to return to the Syracuse Pavilion by 10:00 p.m. on

November 22, 2020. Upstate University Police informed Syracuse Pavilion staff that SILVAGNOLI left the hospital at 10:00 p.m. Your affiant is informed by Syracuse Pavilion staff that SILVAGNOLI did not return to the Syracuse Pavilion on the evening on November 22, 2020, nor any time thereafter; and, to date, he has not contacted the staff at the Syracuse Pavilion. SILVAGNOLI's whereabouts remain unknown.

## CONCLUSION

9. I respectfully submit that this affidavit establishes probable cause to support a criminal complaint charging SILVAGNOLI with a violation of Title 18, United States Code, Section 751(a), escape from custody. Accordingly, I respectfully request that a warrant be issued for SILVAGNOLI's arrest so that he may be brought to United States District Court for the Northern District of New York to answer the charge in the complaint in accordance with law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

David Tobian
Deputy U.S. Marshal
U.S. Marshals Service

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on December _3_, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Andrew T. Baxter
United States Magistrate Judge